# EXHIBIT A

# Commonwealth of Massachusetts
## Woburn District Court
30 Pleasant Street
Woburn, MA 01801
(781) 935-4000

BIANCA CROWLEY_____,
    PLAINTIFF(S),                    CIVIL NO. 1853CV795

v.                                                    SUMMONS

VOLKSWAGEN GROUP OF AMERICA, INC.
        DEFENDANT(S)

THIS SUMMONS IS DIRECTED TO Volkswagen Group of America, INc.
                                    (Defendant's name)

   1. **This Notice is to inform you that you are being sued.** The person or business suing you is known as the Plaintiff. A copy of the Plaintiff's Complaint against you is attached and the original has been filed in the Woburn Division of the District Court Department. You must respond to this lawsuit in writing. If you do not respond, the Plaintiff may obtain a court order requiring you to pay money or provide other relief.

   2. **You must respond within 20 days to protect your rights.** In order to protect your right to defend yourself in this lawsuit, you must deliver or mail a written response called an "Answer" to <u>both</u> the "Clerk's Office for Civil Business, Woburn District Court, 30 Pleasant Street, Woburn, MA 01801" <u>and</u> to the individual below:
Tourkaptonis &
Black Reynolds_____, at 623 Main STreet, Suite 13, Woburn, MA 01801
   (name of Plaintiff or Plaintiff's attorney)                    (address)
Your Answer must be delivered or mailed within 20 days from the date the Summons was delivered to you. If you need more time to respond, you may request an extension of time in writing from the Court.

   3. **Your Answer must respond to each claim made by the Plaintiff.** Your Answer is your written response to the statements made by the Plaintiff in the Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. You may agree with some of the things the Plaintiff says and disagree with other things. You may also say that you do not know whether one (or more) of the statements made in the Plaintiff's Complaint is true. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Answer. Even if you agree that you owe what is claimed, sending an Answer will provide you with an opportunity to participate and explain your circumstances.

   4. **You must list any reason why you should not have to pay the Plaintiff what the Plaintiff asks for.** If you have any reason(s) why the Plaintiff should not get what the Plaintiff asks for in the Complaint, you must write those reasons (or "defenses") in your Answer.

Rev. 9/2015

A true copy Attest:     Joseph P Casey

                        Deputy Sheriff Suffolk County
12-5-18

5. **You may lose this case if you do not send an Answer to the Court and the Plaintiff.** If you do not mail or deliver the Answer within 20 days, you may lose this case. You will have no opportunity to tell your side of the story and the Court may order that the Plaintiff receive everything requested in the Complaint. The Court may allow a motion permitting the Plaintiff take your property and/or wages. If you respond to the Complaint and appear at the hearing, you will get an impartial hearing by a judge. Even if you choose to discuss this matter with the Plaintiff (or the Plaintiff's lawyer), you should still send your Answer **within 20 days.** Even if you file an Answer, you can still reach an agreement with the Plaintiff.

6. **Legal Assistance.** You may wish to get legal help from a lawyer. **If you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.** You may also obtain information at www.mass.gov/courts/selfhelp.

7. **You can also sue the Plaintiff.** If you believe the Plaintiff owes you money or has harmed you in some way related to the lawsuit, you must describe that in your Answer. If you do not include these claims (called "Counterclaims") in your written response, **you may lose your ability to sue the Plaintiff** about anything related to this lawsuit.

8. **You or your attorney must attend all court hearings.** If you send your Answer to the Court and the Plaintiff, you will protect your rights. The Court will send you a notice telling you the date, time, and place of an impartial hearing before a judge. The judge will hear **both** sides of any arguments and schedule any additional hearings.

9. The civil number appearing on the front of this notice is the case docket number and must appear on the front of your Answer.

Witness Hon. Marianne C. Hinkle, First Justice on _____, 20____.

**Kathleen M. McKeon**
Clerk-Magistrate

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

**RETURN OF SERVICE**
(For use by person making service)

On _____ 20____ I served a copy of the within summons, together with a copy of the Complaint in this case, upon the named defendant in the following manner:

☐ Last and usual at (address)

(signature)

(name and title)

☐ In hand

(address)

☐ Other:

*Please place date you make service in this box and on copy served on defendant and return original to this Court:*

*If service is made at the last and usual place of abode, the officer shall forthwith mail first class a copy of the summons to such last and usual place of abode, and shall set forth in the return the date of mailing and the address to which the summons was sent. (G.L. c. 223, § 31).*

## COMMONWEALTH OF MASSACHUSETTS

Middlesex, ss

Trial Court Department of The District Court
Woburn Division
C.V. No:

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
Bianca Crowley                   )
    Plaintiff               )
                   )
v.                               )        **<u>Complaint and Jury Trial Demand</u>**
                   )
Volkswagen Group of              )
America, Inc.                    )
Defendant                        )
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Plaintiff, Bianca Crowley, alleges as follows:

### <u>THE PARTIES</u>

1.    Plaintiff, Bianca Crowley is an individual now living in Saco, ME.  The incident which is the subject matter of this complaint occurred in Wilmington, Middlesex County, Massachusetts.

2.    Plaintiff is informed and believes and based thereon alleges that the Defendant, Volkswagen Group of America, Inc., is, and was at all relevant times a New Jersey Corporation with a principal place of business at 2200 Ferdinand Porsche Dr., Herndon, VA 20171 and is doing business within Middlesex County. Plaintiff is further informed and believes that the Volkswagen Group of America, Inc., has a registered agent identified as Corporation Service Company, with an address of 84 State Street, Boston, MA 02109.

### <u>VENUE AND JURISDICTION</u>

3.    The acts that caused the Plaintiff's damages as alleged herein all occurred in the County of Middlesex, within the jurisdiction of the Woburn District Court.

### <u>STATEMENT OF FACTS</u>

4.    On May 30, 2017, the Plaintiff, Bianca Crowley was operating her motor vehicle, a 2011 Volkswagen Jetta, on Church Street in the Town of Wilmington, Middlesex County, Massachusetts.

5.     At approximately 10:35 a.m., Ms. Crowley was involved in a motor vehicle
       accident on Church Street.

6.     The impact of the collision caused the steering wheel air bag to deploy.

7.     The deployment of the air bag caused the **"V W"** emblem, which was part of the
       steering wheel air bag cover, to turn red hot.

8.     The hot **" V W"** emblem flew from the steering wheel and imbedded itself into
       the Plaintiff's right forearm, causing a severe burn.

9.     The burn healed, leaving the Plaintiff with a permanent scar.

10.    On June 13, 2017, Volkswagen Group of America was put on notice of the
       Plaintiff's injuries.  (See Exhibit A. Attached hereto and incorporated herein by
       reference.)

11.    On July 14, 2017, Volkswagen Group of America denied liability stating " ...it is
       our position that the vehicle and air bag system performed as designed in this
       incident and we are denying your claim for compensation." (See Exhibit B.
       Attached hereto and incorporated herein by reference).

12.    On August 17, 2017, a Formal Demand pursuant to G.L. Chapter 93A was sent to
       Volkswagen Group of America.  Item No: 70132250000079038348. (See Exhibit
       C. Attached hereto and incorporated herein by reference).

13     Volkswagen Group of America did not respond to the Formal Demand Letter.


## FIRST CAUSE OF ACTION
## NEGLIGENCE - PRODUCTS LIABILITY

14.    Plaintiff repeats and realleges each of the allegation contained in the preceding
       and subsequent paragraphs, and incorporates the same as though fully set forth
       hereinafter.

15.    At all times herein mentioned, Defendant Volkswagen Group of America, Inc.,
       (hereinafter "Volkswagen") designed, manufactured, assembled, analyzed,
       recommended, merchandised, advertised, promoted, distributed, supplied, and
       sold to distributors and retailers for sale, the vehicle known as a "2011
       Volkswagen Jetta" and its component parts, including the subject vehicle at issue
       in this lawsuit.

16.     Defendant manufactured, designed, promoted and/or sold the 2011 Volkswagen Jetta and its component parts to the public, including the 2011 Volkswagen in which the Plaintiff was injured.

17.     Defendant owed Plaintiff a duty to exercise reasonable care in the design, testing, manufacture, assembly, sale, distribution and servicing of the Jetta, including a duty to assure that the subject vehicle did not cause the Plaintiff, other users, bystander, or the public, unnecessary injuries or death.

18.     Defendant knew or should have known that the Jetta air bag system was defectively designed and manufactured and was therefore prone to problems under normal driving conditions, potentially causing injuries and/or death.

18.     Defendant failed to exercise ordinary care and breached  its duty by, among other things:

        (a)     Failure to use due care in the manufacture, distribution, design, sale, testing and servicing of the Jetta and its component parts in order to avoid the aforementioned risks to individuals;

        (b)     Failure to provide adequate warning of the air bag failure, and its propensity to cause and/or contribute to an accident;

        ( c)    Failure to incorporate within the vehicle and its design reasonable safeguards and protections against the air bag failure and the consequences thereof;

        (d )    Failure to make timely correction to the design of the Jetta to correct air bag component failure;

        (e)     Failure to adequately identify and mitigate the hazards associated with the air bag component failure, and lack of crash protection in accordance with good engineering practices and other ways; and

        (f)     Such other acts of negligence as discovery shall reveal.

19.     The aforementioned negligent acts and omissions of Defendant were the direct and proximate cause of the Plaintiff's damages.

20.     As a direct and proximate result of the aforementioned negligence, carelessness, and other tortious, unlawful and wrongful acts and omissions of the Defendant, and its respective agents, servants, employees and authorized representatives as aforesaid, Plaintiff has suffered damages in the amount to be proven at trial.

## SECOND CAUSE OF ACTION
## STRICT PRODUCTS LIABILITY

21.    Plaintiff repeats and realleges each of the allegations contained in the preceding and subsequent paragraphs and incorporates the same as though fully set forth hereinafter.

22.    At all time herein mentioned, Volkswagen designed, manufactured, assembled, analyzed, recommended, merchandised, advertised, promoted, distributed, supplied, and sold to distributors and retailers for sale, the vehicle known as a "2011 Volkswagen Jetta", and/or its component parts, including the subject vehicle at issue in this lawsuit.

23.    Defendants manufactured, designed, promoted and/or sold the V W Jetta and its component parts to the public, knowing that the V W Jetta would be purchased or used without inspection for defects by the general public, including the Plaintiff, Bianca Crowley.

24.    The V W Jetta was unsafe for its intended use by reason of the defects in it manufacture, design, testing, components and constituents, so that it would not safely serve its purpose, but would instead expose the users of said product to serious injuries because of the failure of Defendant to properly guard and protect the users of the V W Jetta from the defective design and manufacturing of said product.

25.    Defendant designed and manufactured the V W Jetta defectively, causing it to fail to perform as safely as an ordinary consumer would expect when used in an intended or reasonably foreseeable manner.

26.    Defendant knew or should have known of the substantial dangers involved in the reasonably  foreseeable use of the V W Jetta, whose defective design, manufacturing, and lack of sufficient warnings caused them to have an unreasonably dangerous propensity suffered from the air bag component failure.

27.    Defendant failed to adequately warn of the substantial dangers known or knowable at the time of the defective V W Jetta's design, manufacture, and distribution.

28.    Defendant failed to provide adequate warnings, instructions, guidelines or admonitions to members of the consuming public, including Plaintiff, of the design and manufacturing defects, which Defendant knew, or in the exercise of reasonable care should have known, to have existed in the V. W. Jetta and its component parts.

29.    The risks inherent in the design of the V W Jetta outweigh significantly any
benefits of such design.

30.    Plaintiff was not aware of the aforementioned defects at any time regarding the
V W Jetta prior to the Plaintiff's injuries.

31.    As a direct and proximate result of the aforementioned defects of the V W Jetta,
Plaintiff sustained the injuries and damages set forth herein. Plaintiff is, therefore,
entitled to damages in an amount to be proved at the time of trial.

## THIRD CAUSE OF ACTION
## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

32.    Plaintiff repeats and realleges each of the allegation contained in the preceding
and subsequent paragraphs, and incorporates the same as though fully set forth
hereinafter.

33.    Prior to the time that the 2011 V W Jetta was being used by the Plaintiff in the
subject matter incident, Defendant impliedly warranted to members of the general
public, including the Plaintiff, that the subject V W Jetta was of merchantable
quality and safe for the use for which it was intended by the Defendant, namely,
for the purpose of use as a passenger vehicle and for other related activities.

34.    The subject Jetta was not merchantable and fit for its ordinary purpose, because it
has a propensity to lead to the serious injuries described herein. The subject
vehicle was not safe for its intended use nor was it of merchantable quality as
warranted by Defendant, in that it was defectively designed and manufacture,
thereby dangerously exposing the users of said vehicle and those around it to
serious injury.

35.    Plaintiff reasonably relied on Defendant's representations that the subject Jetta
was safe and free of defects and was a safe means of transportation.

36.    Defendant's breach of the implied warrant of merchantability was the direct and
proximate cause of the Plaintiff's injuries. Defendant risked the lives of the
consumers and users of its products, including Plaintiff, with the knowledge of its
defects and suppressed this knowledge from the general public. Defendant made
a conscious decisions not to recall, redesign, or take any actions whatsoever to
make the Jetta safe for its ordinary use, or to inform the unsuspecting public of its
defects.

37.    As a direct and proximate result of the breach of said implied warrant Plaintiff
sustained the damages herein set forth. Plaintiff, is, therefore, entitled to damages
in amount according to proof at trial.

## FOURTH CAUSE OF ACTION
## BREACH OF IMPLIED WARRANT OF FITNESS
## FOR A PARTICULAR PURPOSE

38.     Plaintiff repeats and realleges each of the allegations contained in the preceding and subsequent paragraphs, and incorporates the same as though fully set forth hereinafter.

39.     Prior to the time that the V W Jetta was being used by the Plaintiff in the subject incident, Defendant impliedly warranted to members of the general public, including the Plaintiff, that the subject V W Jetta was fit for the particular purpose for which it was intended by the Defendant, namely, for the purpose of use as a passenger vehicle and for other related activities. The general public, including the Plaintiff, relied on Defendant's skill and judgment to furnish those goods.

40.     The subject Jetta was not fit for the particular purpose for which it was intended, because it has a propensity to lead to the serious injuries described herein. The subject vehicle was not safe for its intended use, in that it was defectively designed and manufactured, thereby dangerously exposing the users of said vehicle and those around it to serious injury.

41.     Plaintiff reasonably relied on Defendant's representations that the subject Jetta was safe and free of defects and was a safe means of transportation.

42.     Defendant's breach of the implied warranty of fitness for a particular purpose was the direct and proximate cause of the Plaintiff's injuries.

43.     Defendant's breach of the implied warrant of fitness for a particular purpose was the direct and proximate cause of the Plaintiff's injuries. Defendant risked the lives of the consumers and users of its products, including the Plaintiff. Defendant made conscious decisions not to recall, redesign, or take any actions whatsoever to make the Jetta safe for its intended use, or to inform the unsuspecting public of the defects.

44.     As a direct and proximate result of the breach of said implied warrant, Plaintiff sustained the damages herein set forth. Plaintiff is, therefore, entitled to damages in the amount according to proof at trial.

## FIFTH CAUSE OF ACTION
## VIOLATION OF MASSACHUSETTS' UNFAIR BUSINESS LAWS
### MASSACHUSETTS G.L. CHAPTER 2, 9

45.     Plaintiff repeats and realleges each of the allegations contained in the preceding and subsequent paragraphs, and incorporates the same as though fully set forth hereinafter.

46. Massachusetts General Laws chapter 93A section 2 provides that unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful.

47. The acts and practices described above were, and are likely, to mislead the general public and therefore constitute unfair business practices within the meaning of G. L. chapter 93A section 2. The acts of untrue and misleading advertising are, be definition, violations of G .L. chapter 92A section 2. This conduct includes, but is not limited to:

   (a)   Representing to the Plaintiff and the general public that the 2011 V W Jetta was safe, fit, and effective for human use, knowing that said representations were false, and concealing from the Plaintiff, and the general public that the 2011 V W Jetta had a serious propensity to cause injuries to users:

   (b)   Engaging in advertising programs designed to create the image, impression and belief by consumers that the V W Jetta was safe for humans to operate, even though Defendant knew this to be false and even though Defendant had no reasonable grounds to believe them to be true; and

   ( c )  Purposely downplaying and understating the dangers, safety risks, and injuries associated with the air bag system installed in the 2011 V W Jetta.

48. These business acts and practices violated numerous provisions of both state and federal law. Because of fraudulent misrepresentations made by Defendant as detailed above, and the inherently unfair practice of committing a fraud against the public by intentionally misrepresenting and concealing material information, the acts of the Defendant described herein constitute unfair or fraudulent business practices.

49. The misleading advertising described herein presents a continuing threat to Plaintiff and members of the public in that Defendant persist and continue to engage in these practices, and will not cease doing so unless and until forced to do so by this Court.

50. As a direct and proximate result of Defendant's misconduct and omissions, Plaintiff sustained the damages herein set forth and is therefore entitled to damages in an amount according to proof at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Bianca Crowley prays for judgment against the Defendant as follows:

(1)     For general and special damages, according to proof.

(2)     For pre- and post-judgment interest, according to proof.

(3)     For costs of suit, including reasonable attorney's fees, as allowed by law; and

(4)     For such other and further relief that this Honorable Court may deem just and proper.

Bianca Crowley,
By her Attorney,

Kathleen Black Reynolds, Esquire
Tourkantonis & Black Reynolds
623 Main Street, Suite 13
Woburn, MA 01801
(781) 935-7100
BBO # 671840
Kbresqma@gmail.com

Dated: 11·16·18



# Tourkantonis & Delaney, PC

623 Main Street, Suite 13
Woburn MA 01801

781.935.7100 - office                                                            781.935.7103 - facsimile

Arthur C. Tourkantonis, Esq.                                     Kathleen A. Delaney, Esq.
turkslaw@aol.com                                                       delaneylawma@gmail.com

---

June 13, 2017

Volkswagen Group of America
2200 Ferdinard Porsche Drive
Herndon, VA  20171

RE:     My client:              Bianca Crowley
          Date of Loss:          5/30/2017
          Claim No:               New claim

Dear Madam/Sir:

Please note that our office represents Ms. Crowley as a result of the severe burns she received during a motor vehicle accident.  The burn was caused by the deployment of the steering wheel airbag.  We are in the process of obtaining the medical records for her treatment and will forward copies to your office upon receipt.

You are respectfully requested to conduct all communications concerning this matter though our office.

I thank you in advance for your attention and courtesy regarding this matter.

Very truly yours,

Kathleen Delaney, Esq.

KD:mr

# VOLKSWAGEN
### GROUP OF AMERICA

ExHiBiT B

Mr. Arthur C. Tourkantonis, Esq.
623 Main Street, Suite 13
Woburn MA 01801

VIA email: turkslaw@aol.com

RE: Bianca Crowley: 2011 Volkswagen Jetta, VIN 3VWDZ7AJ0BM348286

| | |
|---|---|
| Lawrence West | NAME |
| Product Liaison Engineer. | Title |
| Product Liaison Group | Department |
| 201-227-7919 | Phone |
| 201 894 5498 | Fax |
| larry.west2@vw.com | E-Mail |
| July 14, 2017 | Date |

Dear Mr. Tourkantonis,

Volkswagen Group Of America, Inc.
Product Liaison Group
Office of the General Counsel
2 Executive Drive Suite 440
Fort Lee, NJ. 07024-3307

Thank you for allowing us the opportunity to review the information that you forwarded and allowing us the opportunity to inspect your clients 2011 Volkswagen Jetta. As customer satisfaction is a priority to us, it is our desire to assist our customers whenever possible. We truly regret the circumstances prompting you to contact us. This letter is to advise you that we have concluded our review and analysis of this incident and to apprise you of the results.

By design, every time the key of this vehicle is switched on, the airbag control module performs a self-diagnostic test of the entire airbag system. The airbag light is illuminated for several seconds while it performs the self-check and then goes out if there are no airbag system malfunctions. This vehicle does not have an EDR (Event Data Recorder) or "black box" as they are commonly referred to and any speed, deceleration, throttle position, etc; information is not retained in the airbag control module. There is no mention of the airbag light being illuminated at the time of the incident and it worked properly at the time of the inspection which indicates to us that the airbag system was functioning properly.

Airbags are designed to supplement the pyrotechnic safety belts in restraining the occupants in a severe life or near life threatening accident. Airbags may or may not deploy in certain collisions, depending on a number of circumstances, and our pyrotechnic devices work independently of each other. The extent of vehicle damage and associated repair costs are not necessarily indicators that airbag deployment criteria have been met.

The airbag system is designed to deploy the front airbags with an impact to the front of the car that is approximately 30 °± from the longitudinal centerline of the vehicle when all criteria are met. The side airbags are designed to deploy with an impact that is approximately 30°± of the lateral centerline of the car when all criteria are met. Some of the additional criteria required are the rate of deceleration (how fast the vehicle changed velocity), the nature of the thing impacted (soft, hard, moving, stationary etc.), and if the ignition key is on.

This vehicle was inspected at IAA auction yard in Shirley MA and here are some of the things that were observed:

- The car has been impacted in the front of the car with contact to the bumper reinforcement bar and deformation to the sheet and composite materials above and behind the bumper.
  - The front fenders are shifted rearward.
  - There were striations on the right rear quarter panel and at the right rear corner of the rear bumper cover.
  - All wheels had curb damage.
- The driver front airbag has deployed along with both front safety belt pretensioners.
- Both front safety belts are tight against the B pillars and were not in use at the time of deployment.
- The driver airbag is intact and shows no rips, tears or burn marks.
- All 3 rear safety belts lock, latch and retract.
- The steering column adjustment was all the way up (a measurement of 43mm was made between the top of the dash belt trim molding and the bottom of the left side steering column stalk indentation).
- There are contact marks to the interior to the headliner (above the driver), sun visor, and driver A pillar.
- When the ignition is powered, the airbag light comes on and remains on.
- There is a "front crash data stored" diagnostic code stored in the airbag control module along with a "crash shut down" diagnostic code stored in the engine control module.

The impact to this car meets the angle and rate of deceleration criteria for airbag deployment.  The impact is within the 30°± from the longitudinal centerline of the car required.  The driver airbag and front safety belt pretensioners deployed in response as per design. The front safety belts were not in use allowing the driver to move forward, impacting the deploying airbag, allowing the contact abrasion Ms. Crowley experienced.

It is important to remember that the supplemental airbag system is designed to reduce the likelihood of life threatening injuries when used in conjunction of the safety belts.  The safety belts help maintain the occupants at an optimal and safer position away from the deploying airbag and reduce injuries from contact to surfaces within the vehicle interior.

Other injuries, for example, swelling, bruising, broken bones, muscle and spinal strain, along with abrasions may also be associated with airbag deployments and/or safety belt usage during an accident.

As stated in the owner manual:
*"Every person in the vehicle must be properly seated on a seat of his or her own, must properly fasten the safety belt belonging to that seat before the vehicle starts to move, and must keep the belt properly fastened while riding in the vehicle.  This applies to the driver and all passengers."*

*"Safety belt are the single most effective means available to reduce the risk of serious injury and death in automobile accidents."*

*"If you are unrestrained, leaning forward, sitting sideways, or out of position in any way, your risk of injury is much higher. To reduce the risk of injury when an airbag inflates, always wear safety belts properly."*

*"What happens to passengers not wearing a safety belt?*
*Even at low collision speeds, the forces acting on the body are too much for the body to be held in the seat with the arms and hands. In a frontal collision, unrestrained occupants will slam violently into the steering wheel, Instrument panel, windshield or anything else in the way."*



Additionally; Massachusetts law requires "every person in a passenger motor vehicle (including vans and small trucks under 18,000 lbs.) to wear a safety belt or sit in a child passenger restraint."

Maine law requires "The operator of a vehicle that is required by the United States Department of Transportation to be equipped with seat belts must be secured in the operator's seat belt."

Based on the facts and information available to us, it is our position that the vehicle and the airbag system performed as designed in this incident and we are denying your claim for compensation. If you have any additional information or questions please feel free to forward them to me.

Larry West
Product Liaison Engineer

3

*EXHIBIT C*

# Tourkantonis & Delaney, PC

623 Main Street, Suite 13, Woburn, MA 01801

Arthur C. Tourkantonis, Esq.
781.935.7100
turkslaw@aol.com

Kathleen A. Delaney, Esq.
781.935.7104
delaneylawma@gmail.com

Facsimile: 781.935.7103

---

August 18, 2017

Mr. Larry West, Product Liaison Engineer
Volkswagen Group of America
2200 Ferdinard Porsche Drive
Herndon, VA 20171

RE:   Our Client:          Bianca Crowley
      Date of Loss:        5/30/2017

Dear Mr. West:

## FORMAL DEMAND PURSUANT TO M.G.L. CHAPTER 93A PRIOR TO SUIT

Please consider this letter a Formal Demand and a request that Volkswagen Group of America tender over to our client, Bianca Crowley the sum of Seven Thousand, Five Hundred ($7,500.00) Dollars to effectuate a prompt, fair and equitable settlement in this matter.  I have prepared the following statement of facts to facilitate your decision.

## STATEMENT OF FACTS

On May 30, 2017, Ms. Crowley was operating her 2011 Volkswagen Jetta on Main

Street in the Town of Wilmington, Massachusetts.  As she was driving, the vehicle in front of her

stopped suddenly and Ms. Crowley rear-ended the vehicle.  Upon impact the Jetta's steering

wheel air bag deployed and the Volkswagen emblem from the steering wheel caused a substantial

burn to Ms. Crowley's forearm, which will leave her with permanent scarring.

On June 13, 2017, Volkswagen Group of America was notified of the incident.   The

Company was further provided with the Wilmington Police Crash report and photographic evidence of the burn to Ms. Crowley's arm.

On July 17, 2017, via e-mail, Volkswagen Group of America denied liability, stating "[w]e did find that the car performed as designed and Ms. Crowley was not wearing her safety belt, causing her to go forward and make full contact with the deploying airbag. At this point we will not be offering compensation." Notwithstanding Volkswagen's position that Ms. Crowley was not wearing her seat belt, both the police report and Ms. Crowley herself indicate that she was wearing her seatbelt at the time of the collision. Moreover, beside the self-serving statement concerning the seat-belt, Volkswagen has not provided any proof that Ms. Crowley was not wearing her seat-belt, for example, was there a Incident Data Recorder on board? Was there any photographs taken of the seat-belt showing a lack of burning? Volkswagen has not offered any proof at all that substantiates its position.

## **RELIEF SOUGHT**

As stated above, Ms. Crowley is seeking Seven Thousand, Five Hundred ($7,500.00) Dollars as reasonable compensation for her injuries. In addition, Ms. Crowley would request that Volkswagen Group of America provided this office with scientific proof that backs up its position that she was not wearing a seat-belt at the time of the accident and that the vehicle "performed as designed" upon impact.

If we do not receive a response with a *reasonable offer of settlement,* within the time allowed by statute, we will be filing a comprehensive action against Volkswagen Group of America alleging, inter alia, that Volkswagen Group of America has engaged in unfair and deceptive business practices and has violated both M.G.L. chapters 176(d)(3)(9)(b)(f)(1) and Chapter 93A sections 2 and 9.

Very truly yours,

Kathleen Delaney, Esq.

KD:njb
cc: B. Crowley
Certified Mail Return Receipt Requested
Item Number: 70132250000079038348